COLLAZO, APPELLANT, *v.* REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Dominion Title.

No. 369.—Decided June 28, 1918.

RECORD OF TITLE—DOMINION TITLE—POSSESSORY TITLE.—When there are no contradictory interests and a competent court, with full knowledge of all the circumstances, in affirming a dominion title proceeding expressly converts the possessory title recorded in the registry in favor of the petitioner and of the former owner of the property into a dominion title without ordering the cancellation of any entry and there is no possibility of prejudice to third persons, the mere fact that the said former records of possession appeared in the registry is no ground for refusing to record the decree.

ID.—APPEAL—WAIVER.—When the district attorney waives his right of appeal in a dominion title proceeding, such waiver renders the decree unappealable.

The facts are stated in the opinion.

Messrs. *López Tord* and *Zayas Pizarro* for the appellant.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant instituted proceedings to establish dominion title to certain real estate already of record in his name and in that of his vendor as possessors.

The pertinent portions of the decree of the district court read as follows:

"WHEREAS, From the evidence that has been introduced it duly appears that the petitioner, while married to Dolores Rivera, acquired the real property above described, which is free from encumbrances or liens and worth one hundred and eighty dollars, by purchase from Juan Colón y González, according to a public instrument executed before the late Notary of Coamo, Felipe Rodríguez, dated July 31, 1909, and Juan Colón had acquired it more than twenty years since by purchasing eight *cuerdas* and a half from Gil Rodríguez and the remainder of eight *cuerdas* from Robustiano Cartagena; and Gil Rodríguez and Robustiano Cartagena had been in possession of said parcels for more than ten years; and further that Juan Colón González established the fact of his possession of said property, as shown by proceedings approved by the Municipal Court of Salinas on July 20, 1909, the same being duly recorded at folio 1, volume 13 of Salinas, property number 613, said possession now being recorded in the name of the petitioner, who is without documentary evidence of dominion title eligible to record in the registry of property.

"WHEREAS, It also appears from the evidence that both the petitioner and his predecessors in title to the said property have been in uninterrupted, quiet and peaceable possession thereof openly, publicly, in good faith and under color of title (*justo título*) as owners since the dates above mentioned.

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

"THEREFORE, The court decides that it should and it does adjudge and decree that the full dominion of the above-described property has been established in favor of the petitioner, Fidel Collazo y Rivera, directing the registrar of property of the district to record the said property in the name of said petitioner on presentation of

a certified copy of this decree which in due time will be issued, the possessory record of said property to be deemed as merged (*consolidada*) in that of dominion by these presents decreed in favor of the petitioner, which latter shall stand alone.''

The registrar of property refused to comply with the order ''because, it appearing from the registry that the petitioner has of record in his favor a possessory inscription of the property as having been acquired by purchase, he cannot, without violating both the spirit and the letter of section 395 of the Mortgage Law, institute dominion proceedings. Galindo, Commentaries on the Mortgage Law, Vol. 4, page 660; *Santiago v. Registrar of Ponce, ante,* p. 425. It is further noted that there is a curable defect in that the decree is not unappealable (*firme*).''

Galindo, as we read the text cited, does not support the theory of the registrar, but, following the spirit rather than the letter of the law, reaches the opposite conclusion:

''Although pursuant to the letter of section 404 it is only applicable in case the owner *is without* a written title, invoking its spirit, we think the proceeding therein provided for is available where, notwithstanding the existence of a written title, the latter cannot be recorded because of the prohibition contained in section 20 of the law.

''Such is the case where, for example, a certain property is sold under summary proceedings (*juicio ejecutivo*) and the judge on default of the debtor executes the deed because said property is not recorded either in the name of the debtor or of any one else. In such a case, although there is a written title, it is, from the standpoint of the Mortgage Law, as if it did not exist, and there is no reason for depriving the owner of his right to record the dominion by way of the proceeding established under section 404, for the benefit of those who are without a written title.

''It may also occur, and more often, that one in possession of land might transfer it to another by deed of purchase and sale. Such purchaser has a *written dominion title,* however much it only gives him a right to record the possession, which is what his predecessor in interest has on record in his favor, and he cannot therefore, according to the letter of section 404, institute dominion proceedings in his name.

"Of what means may he avail himself to obtain the conversion of the possessory record into one of dominion? Two methods occur to us: 1st. He may institute the proceeding to show that his predecessor in interest was owner of the fee although without a recorded title, and when so adjudged and decreed by the court, the possessory entry in favor of such predecessor will be converted into one of dominion, and *ipso facto* the effect will be the same on the record in favor of the actual owner. 2nd. The latter, if he has been in possession for the period necessary to acquire the dominion by prescription, tacking the possession of his predecessor in title, may, in a proper declaratory action, resort to the courts for a decree of title by prescription under the power conferred upon them by section 51 of the Law of Civil Procedure."

In *Santiago* v. *Registrar of Ponce, supra,* petitioner acquired by purchase in 1905 from the heirs of Lorenzo Rodríguez who died in 1898. There was no record in the name of petitioner nor in the name of the succession and apparently the court had no knowledge of the entry mentioned by the registrar made in 1898 in the name of Juan Lorenzo Rodríguez Ceda nor of any other apparently outstanding interest. The decree merely adjudged petitioner to be the owner of the property described in the petition and directed that the same be recorded in his name. The only question raised on appeal was as to the identity of the land. A glance at the facts involved in the cases cited in *Santiago* v. *Registrar* will suffice to distinguish them from the one at bar.

Here there are no contradictory interests. The possessory title was of record in the name of petitioner and was by the court expressly merged into the decree of dominion ownership. There was no cancellation of any record and no question of prejudice to third parties not before the court.

The registrar has filed no brief and we can account for the mention of the curable defect only upon the hypothesis that he overlooked the certificate of the secretary of the district court to the effect that the *fiscal* had waived the right of appeal.

The ruling of the registrar must be

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.